## WALTER L. ROGERS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5267

October 11, 1967            432 P.2d 331

*Richard C. Minor,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

A jury found the appellant, Walter L. Rogers, guilty of first degree murder, and he was sentenced to life imprisonment without possibility of parole.

On February 12, 1965, the appellant, Rogers, commenced drinking heavily in the early morning and continued to do so throughout the day. In the company of Thomas Phillips, he purchased a 12-gauge shotgun, sawed off the barrel, and proceeded to visit local business establishments in the Reno area.

He first visited Red's Variety Store in Sparks, robbed the proprietor, and fired his shotgun into the ceiling.

Next he proceeded, with his companion, Phillips, to the Eagle Bar at Sierra and California Streets in Reno. Here the appellant entered the bar in a boisterous manner and fired his shotgun at Newton S. Smalley, a patron, who was seated quietly at the bar. Mr. Smalley was killed instantly. The appellant then went to the back of the bar and removed the cash from the register.

Later that same evening, the appellant robbed the Modern Drug Store at 302 South Wells Avenue, Reno. Here again he fired his shotgun, but this time the shot struck a clock above a doorway through which a clerk on duty had fled.

It is the killing of Newton S. Smalley which led to the indictment and conviction of murder.

Appellant, in his appeal, asserts error committed during the trial, as follows:

1. That the indictment in a felony murder case must set forth that the killing was perpetrated during the commission of a felony.

2. That the trial court committed error in refusing to charge the jury on involuntary manslaughter.

3. That it was error to give instructions numbered 21 and 22.

4. That the trial court committed reversible error in admitting appellant's confession into evidence.

For the reasons hereinafter expressed, we hold the assignments of error are without merit and that the judgment and sentence below must be affirmed.

Each of the assignments of error will be discussed separately.

1. The indictment alleges:

## "INDICTMENT

"That the said defendant, WALTER LESTER ROGERS, on or about the 12th day of February, 1965, at Reno Township, in the County of Washoe, State of Nevada, did then and there wilfully, unlawfully and feloniously, with malice aforethought, kill one NEWTON S. SMALLEY, a human being, by firing a gun into the body of said NEWTON S. SMALLEY,

from which said mortal wound the said NEWTON S. SMALLEY died within a year and a day after the infliction of said mortal wound, to wit: on the 12th day of February, 1965." (Vol. 1, Record on Appeal, p. 1.)

NRS 173.310 provides:

"Sufficiency of indictment or information. The indictment or information shall be sufficient if it can be understood therefrom:

"* * *.

"6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise langauge, without repetition and in such a manner as to enable a person of common understanding to know what is intended."

In State v. Mangana, 33 Nev. 511, 518, 112 P. 693, 696 (1910), this court held:

"It has often been held that a felony and a homicide committed in perpetrating or attempting to perpetrate it, together, constitute the one crime of murder and may be charged as such and in the same manner as ordinary murders are alleged, and that it is not necessary to charge in the indictment that the murder was committed in the perpetration of another crime in order to introduce testimony showing that a felony was committed in addition to it, and that, under an indictment charging murder in the ordinary form and proof that it was committed in the perpetration of a felony, malice, deliberation, and premeditation are implied. (State v. Meyers, 99 Mo. 107, 12 S.W. 516; People v. Giblin, 115 N.Y. 196, 21 N.E. 1062, 4 L.R.A. 757; State v. Covington, 117 N.C. 834, 23 S.E. 337; People v. Sullivan, 173 N.Y. 122, 65 N.E. 989, 63 L.R.A. 353, 93 Am.St.Rep. 582; State v. Johnson, 72 Iowa 393, 34 N.W. 177; Wall v. State, 18 Tex. 682, 70 Am.Dec. 302; Titus v. State, 49 N.J. Law 36, 7 Atl. 621.)"

See also State v. Ceja, 53 Nev. 272, 298 P. 658 (1931).

The law is well settled in this State that a felony and homicide committed together constitute the crime of murder and may be charged as such and in the same manner as other murders are charged, and it is not necessary to allege that it was committed in perpetrating another felony.

2. Did the trial court commit error in refusing to instruct the jury on involuntary manslaughter?

NRS 200.070 provides:

"Involuntary manslaughter defined. Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence

in an unlawful manner; *but where such involuntary killing shall happen in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder."* (Emphasis added.)

In the instant case, where the appellant entered a bar carrying a loaded shotgun, shot an innocent bystander, and then removed the cash from the register, NRS 200.070 precluded the giving of an instruction on involuntary manslaughter, since that statute deems such conduct to be murder.

3. Instructions numbered 21 and 22 read as follows:

"21. Murder which is committed in the perpetration or attempt to perpetrate robbery is murder of the first degree, whether the killing was intentional, unintentional or accidental.

"22. Where the killing is not wilful, deliberate and premeditated but is committed in the perpetration or attempt to perpetrate robbery, the defendant is not guilty of first degree murder unless he had the specific intent to commit robbery."

The appellant urges that these instructions are, first, confusing, and, second, contradictory. It is not contended that the instructions contain a misstatement of the law.

In Instruction 21 it is clear that it is the killing which may be committed either "intentional, unintentional or accidental." Instruction 22 does not contradict Instruction 21, but merely sets forth that the alleged robbery must have been committed with the specific intent to commit robbery.

4. Finally, we turn to appellant's fourth assignment of error—that appellant's statements should not have been received in evidence. A review of the record shows that, although the trial judge, in a hearing without the presence of the jury, ruled that the said statements were admissible, they were never offered in evidence, and therefore appellant's argument for exclusion is moot.

Appellant's counsel was appointed to prosecute this appeal. We direct the lower court to give him the certificate specified in subsection 4 of NRS 7.260, to enable him to receive compensation for his services on appeal.

Affirmed.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and BATJER, J., concur.