# ROBERT TURNER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11601

February 6, 1980          605 P.2d 1140

*Smith and Maurer,* of Las Vegas, for Appellant.

*Robert J. Miller,* District Attorney, *H. Douglas Clark* and *David Schwartz,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Robert Turner was charged with first degree murder and, by a jury, convicted of that offense. The jury was instructed regarding the elements of first degree murder, and also regarding felony murder since one of the State's theories of guilt was that the killing occurred during the perpetration of a robbery.[1] It is asserted that prejudicial error occurred when the trial court failed, sua sponte, to instruct the jury that a specific intent to permanently deprive the owner of his property is an element of the crime of robbery. The court did, by instruction, give the jury the statutory definition of robbery which is silent regarding intent. NRS 200.380.[2]

Although the statute is silent regarding intent, this court has held that the "taking" in the crime of robbery must be with the specific intent permanently to deprive the owner of his property. State v. Sala, 63 Nev. 270, 169 P.2d 524 (1946). And, we note that instructions regarding the specific intent required for robbery were given in Brimmage v. State, 93 Nev. 434, 567

---

[1] It is permissible to instruct regarding felony murder even though felony murder is not pleaded. Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976); Rogers v. State, 83 Nev. 376, 432 P.2d 331 (1967). It is not necessary to allege that murder was committed in the perpetration of another crime in order to introduce evidence of such other crime. State v. Mangana, 33 Nev. 511, 112 P. 693 (1910).

[2] NRS 200.380:

1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

2. Every person who shall commit robbery shall be punished by imprisonment in the state prison for not less than 1 year nor more than 15 years.

P.2d 54 (1977), and Rogers v. State, 83 Nev. 376, 432 P.2d 331 (1967).[3]

In State v. Switzer, 38 Nev. 108, 145 P. 925 (1914), this court ruled that an instruction defining robbery in the language of the statute is sufficient absent a request for a more specific instruction by defense counsel. It would appear to follow from that decision that the trial court is not obliged, on its own, to instruct regarding the specific intent element of robbery.

We have since ruled that an accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct constitutes reversible error. Dougherty v. State, 86 Nev. 507, 471 P.2d 212 (1970); Harvey v. State, 78 Nev. 417, 375 P.2d 225 (1962). In the light of our more recent pronouncements, the ruling in *Switzer* is no longer viable. It is the duty of the trial court to see that the jury is adequately informed on all elements of the offenses concerning which instructions are given. People v. Ford, 388 P.2d 892 (Cal. 1964); People v. Sanchez, 219 P.2d 9 (Cal. 1950).

The need for proper instruction on all essential elements is shown by the case at hand. Turner was charged with having committed first degree murder, a willful, deliberate and premeditated killing. The jury was instructed as to the elements of that offense. Additionally, the jury was instructed that Turner could be found guilty of first degree murder if the homicide occurred during the perpetration of a robbery. The verdict returned by the jury was guilty of murder in the first degree. At that moment one could not know whether the jury had found him guilty of a willful, deliberate and premeditated killing, or whether he was found guilty of first degree murder because the homicide happened during the perpetration of a robbery.

Subsequently at the penalty hearing, the jury noted, as an aggravating circumstance, that the homicide occurred while perpetrating a robbery. In the light of this finding, it is at least arguable that the verdict of first degree murder was based upon the felony murder doctrine, rather than upon a belief that the killing was willful, deliberate and premeditated. The importance of having the jury properly instructed on all elements of the crime of robbery becomes apparent. The defendant had

---

[3]In Boone v. State, 85 Nev. 450, 456 P.2d 418 (1969), we approved an instruction defining robbery as the felonious taking of personal property, since the word "felonious" means that the act was done with the intent to commit the crime. State v. Hughes, 31 Nev. 270, 102 P. 563 (1908). It is preferable to state that the taking must be with the specific intent permanently to deprive the owner of his property.

testified that he pulled his gun to protect himself rather than permanently to deprive the victim of his property, thus placing the specific intent element of robbery directly in issue. The jury, however, was not required to resolve this issue in conjunction with its consideration of felony murder. Within this context the error may not be labeled harmless.

Other assigned errors need not be considered. Reversed and remanded for a new trial.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.