JAMES NORMAN LITTERAL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12054

October 26, 1981                    634 P.2d 1226

[Rehearing denied December 9, 1981]

*William N. Dunseath,* Public Defender, *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R. X. Dunlap,* District Attorney and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

A jury convicted James Norman Litteral, the appellant, of (1) robbery with the use of a deadly weapon, (2) battery with

the intent to commit robbery, and (3) battery with a deadly weapon. He was sentenced to a term of fifteen years for the robbery with an additional fifteen years to run consecutively for the use of a deadly weapon; he was also sentenced to two concurrent ten year terms for each battery conviction. On appeal, appellant urges error: (1) the trial court did not instruct the jury that specific intent was an essential element of robbery; and (2) the constitutional prohibition against double jeopardy precludes convictions for both batteries.

## THE FACTS

On November 28, 1978, the proprietor of a jewelry shop was alone in his store. Appellant and a woman entered. Displaying a knife, appellant ordered the proprietor into the back room. Although the proprietor told the appellant to take anything that he wanted and pleaded with the appellant not to attack him, the appellant beat the proprietor with a claw hammer inflicting numerous and serious injuries about the face, head, neck and body of the proprietor. During this attack, the appellant directed his female companion to rob the shop, which she did by taking cash, four small gold pieces and one diamond ring.

## THE INSTRUCTION ON ROBBERY

The district judge, when instructing the jury on the crime of robbery, followed the statutory definition of robbery as set forth in NRS 200.380.[1] The court refused, over appellant's objection, to instruct the jury that the defendant had to take the property with a specific intent to deprive the victim permanently of his property. Ever since State v. Sala, 63 Nev. 270, 169 P.2d 524 (1946), we have held that robbery is a specific

---

[1]NRS 200.380:

Robbery: Definition; penalty.

1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

intent crime.[2] Since the trial in the instant case, we have reaffirmed that ruling in Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980).

In *Turner,* we reversed a felony murder conviction on the grounds that the jury had not been instructed concerning every element of robbery, which was the underlying felony. The missing instruction, on which reversal was predicated, related to the requirement that the defendant have the specific intent to deprive the victim permanently of his property.

The linchpin of *Turner's* holding is this court's decision in *Sala,* which stated that specific intent to deprive the victim permanently of the property taken was an essential element of the crime of robbery, 63 Nev. at 288-289, 169 P.2d at 533. *Sala,* however, made no reference to the governing statutory language or to any other Nevada authority, but relied on the general common law rule citing 46 Am.Jur. § 10. We are convinced that this statement in *Sala,* whether dictum or not, was error and it is overruled. As a result, so is *Turner.*

Robbery, a felony at common law, requires the intent to steal or take property from the person or presence of another by the use of threats or violence.[3] The use of threats or violence and the presence of the victim distinguish robbery from the lesser included offense of larceny. At common law a traditional requirement of the crime of robbery was a specific intent to deprive the victim permanently of his property. "Specific intent" may be defined as an "intent to steal" which is actually a part of the actor's thought processes, as contrasted to the "general intent" which may be inferred from the voluntary commission of the *actus reus.*[4]

Where, however, the Legislature in defining the crime of robbery speaks of "wrongful" or "unlawful" taking as our Nevada statute provides, it has been held that the statutory definition is more limited than the common law definition and no intent is necessary except the intention of doing the act denounced by the statute. *See* Traxler v. State, 251 P.2d 815 (Okla.Crim. 1952).[5]

---

[2]Judge Forman stated in his ruling:

> All right, well, in my opinion our Supreme Court would not follow Sala v. State and include an element which is not set forth in the statute, so I am going to overrule the objection to Instruction No. 20.

[3]W. LaFave and A. Scott, *Handbook on Criminal Law,* 696 (1972).

[4]*Id.* at 202.

[5]*See also* People v. Moseley, 566 P.2d 331 (Colo. 1977); People v. Banks, 388 N.E.2d 1244 (Ill. 1979); State v. Thompson, 558 P.2d 1079 (Kan. 1976).

*Traxler, supra,* construed a statute defining robbery as the "wrongful taking of personal property . . . by means of force or violence." 251 P.2d at 827. The statute previously had prohibited a "felonious taking" instead of a "wrongful taking". The court held that although the word "felonious" incorporated all the common law elements of robbery, including specific intent, the words "wrongful taking" did not; all that was required under the statute was a taking by means of force or violence. We interpret the words "unlawful taking" in NRS 200.380 in the same manner as the Oklahoma court interpreted the words "wrongful taking".[6]

In *People v. Banks, supra,* the Illinois Supreme Court has recently decided that specific intent to deprive a victim permanently of his property is not an element of the crime of robbery as defined in the Illinois Criminal Code.[7] The supreme court's analysis in *Banks* of robbery as a general intent offense led it to reverse its earlier decision in People v. White, 365 N.E.2d 337 (1977), which it felt misconstrued the intention of the Legislature in drafting the robbery statute.

The Illinois court in *Banks* said at p. 1247:

> . . . what is essential to the offense of robbery . . .: depriving a person, in his or her presence, of property, through force or intimidation. As a matter of policy, we do not think the duration of the deprivation is pertinent nor intended to be so by the legislature. (Citations omitted.) The various definitions of 'deprivation' or 'deprive' emphasize this; for example, Webster's Third New International Dictionary 606 (1971) defines 'deprive' as 'to take away: remove, destroy; to take something away from: divest, bereave; . . . to keep from the possession, enjoyment, or use of something.' Black's Law Dictionary 529 (rev. 4th ed. 1968) defines 'deprive' as '[t]o take . . . a taking altogether, a seizure, a direct appropriation, dispossession of the owner. . . . It connotes want of consent.' What is relevant then is the substantial interference, temporary or permanent, with property rights without consent. And what is intended by the legislature is 'to prevent

---

[6]The predecessor of our statute NRS 200.380, like that of the Oklahoma statute construed in *Traxler,* defined robbery as a "felonious" taking. *See* State v. Luhano, 31 Nev. 278 (1909). However, at the time *Sala* was decided it had been amended to prohibit an "unlawful" taking. The *Sala* opinion did not address the significance of this change in the statutory language.

[7]Ill. Rev. Stat. ch. 38, § 18-1 (1977) provides in part:

Robbery. (a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. . . .

the use of force and threats against persons as a means of inducing them to part with their property. The intent to steal may include the intent to permanently deprive but is not limited to it and extends to the taking away, stealing, or even preventing the owner from his or her continued and free enjoyment of his property.' (M. Bassiouni, Criminal Law 336-37 (1978)).

We conclude, therefore, that NRS 200.380 defines robbery as a general intent crime which is meant to include all violent takings from the person or presence of another. The district judge did not err in refusing to give the requested specific intent instruction.

## DOUBLE JEOPARDY

Appellant finally suggests that, if a person is convicted of the crime of robbery with the use of a deadly weapon, it is an unconstitutional double punishment to convict him for the two batteries; he concedes that conviction for robbery and one battery is proper. We must agree.

The test to determine whether charged offenses are the same for double jeopardy purposes was set forth in Blockburger v. United States, 284 U.S. 299 (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, *supra,* at 304. *See also* United States v. Rone, 598 F.2d 564 (9th Cir. 1979), *cert. denied,* 445 U.S. 946 (1980); United States v. Cambindo Valencia, 609 F.2d 603 (2d Cir. 1979), *cert. denied,* 446 U.S. 940 (1980); State v. Johnson, 600 P.2d 1249 (Wash. 1979), *cert. dismissed,* 446 U.S. 948; State v. Smith, 585 P.2d 1006 (Kan. 1978), *cert. denied,* 441 U.S. 964 (1979), *rehearing denied,* 444 U.S. 889 (1979).

NRS 200.380, *supra,* defines robbery. NRS 193.165 provides for an enhanced penalty upon the factual finding that a deadly weapon was used in the commission of the crime.[8] The statute

---

[8]NRS 193.165 provides in part:

Additional penalty when deadly weapon used in commission of crime; restriction of probation.

1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed

does not prescribe two penalties for one offense. Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975). The batteries charged, NRS 200.400 and 200.481 add the element of the willful and unlawful use of force or violence upon the person of another. Under 200.400(3),[9] a separate penalty is provided if the battery was with the intent to rob; under 200.481(2)(d),[10] the penalty is different if a deadly weapon is used.

Since appellant stands convicted of the robbery with use of a deadly weapon and battery with intent to commit robbery, there is no additional factual finding needed to satisfy all the elements of the crime of battery with the use of a deadly weapon. The one remaining element, the unlawful use of force on another, is necessarily included with the conviction of the battery with the intent to rob. A substitution of the conviction for battery with the use of a deadly weapon for that of battery with intent of committing robbery, when coupled with a conviction for robbery with use of a deadly weapon, yields the same result. To allow the conviction for a second battery to stand constitutes an impermissible double punishment.

We therefore remand to the lower court for resentencing in accord with the views herein expressed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., concur.

by this section shall run consecutively with the sentence prescribed by statute for such crime.

2. This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact. . . .

[9]NRS 200.400 provides in part:

Assault or battery with intent to commit a crime: Definitions; penalties.

3. Any person convicted of battery with intent to kill, commit sexual assault, mayhem, robbery or grand larceny shall be punished by imprisonment in the state prison for not less than 2 years nor more than 10 years, and may be further punished by a fine of not more than $10,000 except that if a battery with intent to commit a sexual assault is committed, and if the crime results in substantial bodily harm to the victim, the person convicted shall be punished by imprisonment in the state prison for life with or without the possibility of parole, as determined by the verdict of the jury, or the judgment of the court if there is no jury.

[10]NRS 200.481(2)(d) provides:

If the battery is committed with the use of a deadly weapon, by imprisonment in the state prison for not less than 2 years nor more than 10 years and may be further punished by a fine of not more than $10,000.