THOMAS FRANCIS HICKSON, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 12637

February 25, 1982                                    640 P.2d 921

*William N. Dunseath,* Public Defender; *N. Patrick Flanagan,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

———

[2]The Governor designated the Honorable Thomas J. O'Donnell, District Judge of the Eighth Judicial District, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 4.

## OPINION

*Per Curiam:*

Appellant was tried and convicted by a jury on an information alleging two separate incidents of criminal conduct involving two victims. Evidence was adduced at the trial that would indicate that appellant was drinking prior to the incidents. The degree of intoxication was a disputed issue at the trial.

Appellant's trial occurred several weeks before our decision in Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980) but after the early decision of State v. Sala, 63 Nev. 270, 169 P.2d 524 (1946). Both *Sala* and *Turner* construed NRS 200.380[1] and held that the specific intent to permanently deprive the victim of his property is an element of the crime of robbery. We held in Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981) that the holdings of *Sala* and *Turner* were misconstructions of the robbery statute.

In the instant case, Hickson requested an instruction on specific intent as defined in *Sala*. The court instructed the jury, over appellant's objection, on the elements of robbery as defined by NRS 200.380 and as approved in *Litteral*. The issue presented on appeal is whether the overruling decision of *Litteral* applies to appellant's case.

*Litteral* was not a determination of whether "tainted" evidence is admissible (*e.g.,* Stovall v. Denno, 388 U.S. 293 (1967)) or a procedural reform which had an impact on the integrity of the fact-finding process (*e.g.,* Witherspoon v. Illinois, 391 U.S. 510 (1968)). We merely concluded in *Litteral* that NRS 200.380 had defined robbery as a general intent crime from the time of its passage in 1911. Thus, retroactivity of *Litteral* is not at issue here. We must simply determine whether the acts for which Hickson was convicted were proscribed by the statute as originally defined by the legislature. *See* People v.

---

[1]NRS 200.380:

Robbery: Definition; penalty.

1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Mutch, 482 P.2d 633 (Cal. 1971).[2] Because *Sala* and *Turner* erroneously added an element to be proved by the state, the conviction will be affirmed if sufficient evidence has been adduced to support a finding that appellant was guilty of the general intent crime of robbery as defined by NRS 200.380.

Here, we conclude, for the foregoing reasons, that the jury was properly instructed as to the elements of the crime and that sufficient evidence was presented to show that the acts for which Hickson was convicted were proscribed by NRS 200.380.

Other issues raised by appellant are without merit.

Affirmed.

---

[2]*Mutch* analyzed the effect of an overruling decision which reversed a series of decisions which the California Supreme Court found to be misconstructions of the California kidnapping statute. The court held that the overruling decision ". . . did not overturn a judge-made rule of common law; rather, we recognized a statutory rule which the legislature adopted in 1951 but to which courts had not previously given appropriate effect." People v. Mutch, 482 P.2d at 636.