ROBERT MARTIN TALANCON, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 15279

June 26, 1986                                    721 P.2d 764

*David G. Parraguirre,* Public Defender; *Jane McKenna* and *Mark Mausert,* Deputy Public Defenders, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney; *Michael L. Mahaffey, Edwin T. Basl* and *Alzora Jackson,* Deputy District Attorneys, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Appellant Robert Martin Talancon was convicted upon jury verdict of one count each of first degree murder and robbery with the use of a deadly weapon. He was sentenced to life imprisonment with the possibility of parole for his first degree murder conviction, and to two consecutive seven year prison terms for his conviction of robbery with the use of a deadly weapon. On appeal, Talancon contends that his convictions and sentences for these two offenses violated his constitutional right to be free from double jeopardy. For the reasons set forth below, we disagree.

At appellant's jury trial, the state presented circumstantial evidence to demonstrate that appellant and his brother robbed and killed Mike Williams on the night of December 24, 1982. The district court instructed the jury that it could find appellant guilty of first degree murder for the killing under either of two alternative theories. First, the court instructed the jury that it could find appellant guilty of first degree murder if it concluded that appellant murdered the victim in a premeditated and deliberate manner. *See* NRS 200.030(1)(a). Second, the court instructed the jury that it could alternatively find appellant guilty of first degree murder under a felony-murder theory, if it concluded that the killing took place during the course of the robbery. *See* NRS 200.030(1)(b).

The jury returned its verdict of guilt for first degree murder, without specifying which of these two theories it relied on, along with its verdict of guilt for the robbery offense. Appellant contends that because the jury may have found him guilty under a felony-murder theory, he could not be convicted of both the murder offense and the robbery offense, because the robbery was used as the underlying felony to support the felony murder theory of guilt. Specifically, appellant contends that these two offenses are the "same offense" for double jeopardy purposes, and that they must "merge" together at sentencing because double jeopardy prohibits the imposition of cumulative sentences for the "same offense." Appellant therefore submits that his robbery conviction must be reversed.

Initially, because the jury did not specify which theory of first degree murder it relied on, we address the question of whether

we should presume that the jury premised its verdict on a felony-murder theory for purposes of this appeal. We note that in some cases it might not be appropriate to make such a presumption, particularly where the evidence of premeditation and deliberation is substantial. *See, e.g.,* Breedlove v. State, 413 So.2d 1,8 (Fla. 1982), *cert. denied,* 459 U.S. 882 (1982); Buford v. State, 403 So.2d 943, 948-49 (Fla. 1981), *cert. denied,* 454 U.S. 1163 (1982). In the present case, however, the state relied primarily on a felony-murder theory of guilt in the proceedings below, and was unable to present any direct evidence to support its alternative theory of premeditated murder. In fact, the prosecution's closing arguments in this case contained numerous references to the felony-murder theory of guilt, and only referred to the premeditated theory of guilt in passing. Under these circumstances, we believe it would be improper to presume that the jury's verdict was premised on anything but a felony-murder theory for purposes of this appeal. Nevertheless, even assuming that appellant was convicted under a felony-murder theory, we disagree with his contention that double jeopardy prohibits his conviction for both felony-murder and the underlying felony.

In Koza v. State, 100 Nev. 245, 681 P.2d 44 (1984), we addressed an identical contention, and we concluded that double jeopardy did not prohibit the imposition of cumulative sentences for felony-murder and the underlying felony following a single trial.[1] Appellant, however, contends that our holding in *Koza* is in conflict with two United States Supreme Court opinions, Missouri v. Hunter, 459 U.S. 359 (1983), and Whalen v. United States, 445 U.S. 684 (1980), as well as our own prior caselaw. Although we disagree with appellant's contention that *Koza* should be overruled, we believe it is necessary to review our position on this particular aspect of the double jeopardy clause at this time.

We begin our analysis by reviewing the relevant Supreme Court opinions in this area, beginning with the Court's decision in Whalen v. United States, *supra.* In *Whalen,* the defendant was sentenced to two consecutive terms for his convictions for rape, and for killing the same victim in the course of the rape, following a single trial. He argued that those two sentences constituted "multiple punishment" for the "same offense" in violation of the Double Jeopardy Clause. The Court initially noted that the

---

[1] As indicated below, different considerations are involved when a defendant is convicted of two crimes that are the "same offense" for double jeopardy purposes following multiple trials, rather than following a single trial. *See infra,* note 2. Because the present case involves a conviction for two offenses following a single trial, this opinion addresses only the considerations attendant to this latter situation.

defendant was correct in contending that the rape and the killing in the course of the rape were the "same offense" for purposes of the Double Jeopardy Clause, under the test set forth in Block-burger v. United States, 284 U.S. 299, 304 (1932). In *Block-burger,* the Court held that "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* In applying this test in *Whalen,* the Court noted that proof of a rape was a necessary element of the crime of killing in the course of a rape, and the Court was not persuaded that the case should be treated any differently from other cases in which "one criminal offense requires proof of every element of another offense." *Whalen,* at 694.

The Court in *Whalen,* however, cautioned that double jeopardy will not always be violated simply because a defendant is convicted and sentenced under two statutory offenses which may be viewed as one offense under the *Blockburger* test. Instead, the Court noted that cumulative sentences would be permissible in such a circumstance, where the legislature specifically authorized cumulative sentences. *Whalen* at 688. The *Whalen* Court went on to note, however, that the *Blockburger* test does serve to guide a court in determining whether the legislature intended that separate sentences should be imposed for two particular statutory offenses. Thus, the Court determined that where two statutory offenses can be viewed as only one offense under the *Blockburger* test, double jeopardy prohibits the imposition of separate punishments for the two offenses following a single trial, only in the absence of a clear legislative expression of intent to the contrary. The Court then concluded that because Congress had failed to expressly indicate an intent to impose cumulative sentences for rape and for killing in the course of rape, cumulative sentences for those two offenses were prohibited under the Double Jeopardy Clause.

Later, in Albernaz v. United States, 450 U.S. 333, 340 (1981), the Court again clearly stated that the *Blockburger* test was not dispositive of a double jeopardy claim and that the test is only a "rule of statutory construction," to be used "as a means of discerning Congressional purpose." Thus, in *Albernaz,* because the Court discerned a clear legislative purpose in favor of cumulative sentences for the two statutory offenses the defendant had committed, it upheld the imposition of such sentences against a double jeopardy attack.

Finally, in Missouri v. Hunter, 459 U.S. 359 (1983), the Court stated even more emphatically that the question of whether double jeopardy is violated by cumulative sentences for the same offense depends solely on the legislature's intent in authorizing

such sentences. Further, the Court noted that the question of legislative intent is best left to the individual state courts to decide. *Hunter,* at 368.

In *Koza,* we based our conclusion that double jeopardy did not prohibit the imposition of cumulative sentences for a felony-murder conviction and the underlying felony offense following a single trial on two considerations. First, we noted that in a previous case, Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977), we held that felony murder and the underlying felony are two separate and distinct offenses, and did not qualify as the "same offense" under the *Blockburger* test. Appellant correctly points out that this conclusion is subject to dispute in view of the United States Supreme Court's decision in *Whalen,* which held that a rape and a killing in the course of a rape are one and the same offense under the *Blockburger* test. *See also* Harris v. Oklahoma, 433 U.S. 682 (1977) (Court rules that felony-murder and the underlying felony are the same offense under the *Blockburger* test).[2]

Nevertheless, we did not limit our holding in *Koza* to the question of whether felony-murder and the underlying felony are the "same offense" under the *Blockburger* test. Instead, we went on to review the legislature's intent in enacting the felony-murder statute, and we concluded that the legislature had indeed intended for a defendant to receive separate sentences for a felony murder conviction and the underlying felony conviction. *Koza* at p. 255-56.

Appellant, however, asserts that our interpretation of the legislature's intent in this regard is in direct conflict with the above Supreme Court decisions, and in particular, with the decision in *Whalen.* Appellant points out that under *Whalen,* we must pre-

---

[2]As indicated above, the Supreme Court did hold in *Harris* that felony-murder and the underlying felony were the "same offense" under the *Blockburger* test. The Court further concluded in *Harris* that the Double Jeopardy Clause prohibited a defendant's prosecution for robbery, because the defendant had already been convicted in an earlier separate proceeding of felony murder for a killing which occurred in the course of the same robbery. We note, however, that the holding in *Harris* is distinguishable from the present case, as well as the cases cited above, because the Court in *Harris* sought to protect the defendant from multiple trials for the same offense, rather than from cumulative sentencing for the same offense in a single trial. *See also* Ashe v. Swenson, 397 U.S. 436, 453-54 (1970) (Brennan, J., concurring) (defendant may not be prosecuted for the same offense in multiple proceedings except in "extremely limited" circumstances). As the Court noted in *Hunter,* protecting a defendant from multiple trials for the same offense following an acquittal or a conviction involves a different aspect of the Double Jeopardy Clause than is involved in the present case. *Hunter* at 365.

sume that the legislature did not intend multiple punishments for felony-murder and the underlying felony in the absence of a clear legislative intent to the contrary. Appellant then asserts that the statutory scheme in the present case is not substantially different from the statutory scheme in *Whalen;* appellant reasons, therefore, that because the court in *Whalen* concluded that the statutory scheme under consideration therein did not evidence a legislative intent to impose multiple punishments, we must reach the same result regarding our own statutory scheme. We disagree.

Initially, we note that the United States Supreme Court's interpretation of Congress' intent in enacting the federal statutory offenses of rape and killing in the course of a rape, is not binding on this court or dispositive of the question of our own legislature's intent in enacting our felony murder statute. As noted above, the Court in *Hunter* stated that questions of legislative intent must be left to the individual state courts to decide. *Hunter* at 368.

Second, while we agree with appellant that a court should normally presume that a legislature did not intend multiple punishments for the same offense absent a clear expression of legislative intent to the contrary, we are convinced that our legislature did intend multiple punishments for felony murder and the underlying felony. Specifically, upon reviewing the statutory scheme devised by our legislature, we believe that it sought to protect against two separate societal interests when it enacted the felony murder statute and the robbery statute. In essence, the robbery statute is intended to protect against robbery only, while the felony murder statute seeks to protect against homicides. In light of this intent to protect against two separate evils, we must conclude that the legislature intended two separate punishments when a defendant violates both statutes. *See generally* State v. Close, 623 P.2d 940 (Mont. 1981) (court concludes that its state legislature intended two separate punishments for felony murder and the underlying felony offense, under statute similarly worded to Nevada's).

Further, we note that the *Koza* opinion, which clearly expressed our view that the legislature intended separate punishments for these two offenses, was issued in April of 1984, over two years ago. If the legislature had disagreed with our interpretation in *Koza,* it had ample time to revise the felony-murder statute to reflect a different intent. Because the legislature has not

done so, we must presume that we correctly interpreted its intent in *Koza*. Accordingly, we decline to ascribe a different intent to the legislature's enactment of the felony murder statute at this time.

Finally, appellant contends that our holding in *Koza* is in conflict with the approach we have taken in other cases in the double jeopardy area. Specifically, appellant points out that in a line of cases beginning with Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981), this court indicated that it would find a double jeopardy violation any time cumulative punishments were imposed for the same offense. Appellant further notes that in those opinions, we never discussed the question of whether double jeopardy would permit multiple punishments for the same offense, where the legislature has expressed an intent that multiple punishments be imposed.[3] Appellant thus intimates that perhaps Nevada law does not permit multiple punishments for the "same offense," even where a legislative intent has been expressed in favor of multiple sentences.

We recognize that the *Litteral* line of cases might be read for this proposition, since those cases indeed do not discuss the role that legislative intent plays in a double jeopardy analysis. Nevertheless, this court has never expressly held that the legislature cannot constitutionally provide for cumulative sentences for the "same offense." Further, when we adopted the holding in *Hunter* in our *Koza* opinion, we specifically acknowledged that the crucial consideration in a double jeopardy analysis is whether the legislature intended to impose cumulative sentences. Thus, as set forth above, we conclude that where two statutory offenses constitute the "same offense" under the *Blockburger* test, double jeopardy will not be violated by separate sentences for those two offenses following a single trial, if it appears that the legislature intended separate punishments. To the extent that our opinions in the *Litteral* line of cases can be read otherwise, they are hereby disapproved.

We have reviewed appellant's remaining arguments on the double jeopardy issue and find them to be without merit. In light of the above, we conclude that appellant's double jeopardy rights were not violated by the consecutive sentences he received in this

---

[3]We note that the holding in *Litteral* was followed in Meador v. State, 101 Nev. 765, 711 P.2d 852 (1985); Moore v. State, 100 Nev. 698, 692 P.2d 1278 (1984); Owens v. State, 100 Nev. 286, 680 P.2d 593 (1984); and Givens v. State, 99 Nev. 50, 657 P.2d 97 (1983).

case.[4] Accordingly, appellant's judgment of conviction and sentence are hereby affirmed.

---

[4]Appellant argues, for the first time in his reply brief, that he was improperly subjected to a sentence enhancement for his use of a deadly weapon in the commission of his crime, primarily on the ground that the jury never returned a special verdict on the question of whether appellant was in "control" of the weapon. *See generally* Anderson v. State, 95 Nev. 625, 600 P.2d 241 (1979). Aside from the fact that an appellant is not permitted to raise an issue on appeal for the first time in his or her reply brief, we also note that appellant failed to object to the form of the jury verdict in the court below, or to the imposition of the sentence enhancement itself, and we therefore decline to address this issue on appeal. *See generally* Krueger v. State, 92 Nev. 749, 557 P.2d 717 (1976); Walker v. State, 89 Nev. 568, 516 P.2d 739 (1973).