**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KUSUMI RAHEMI HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65345

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and battery with substantial bodily harm. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Kusumi Rahemi Harris contends that insufficient evidence was adduced to support the jury's verdict. Harris claims that the State failed to prove that he either caused the substantial bodily harm suffered by the victim or unlawfully stole the victim's hat. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Trial testimony indicated that Harris initiated a fight with the victim and, at a certain point, placed the victim in a "front-facing headlock." While in the headlock, the victim grabbed Harris by the legs, tried to pick him up, and the two fell—Harris onto his back and the victim on his head. The victim testified, "Once I rolled on my back I said that I couldn't feel anything, I couldn't move." While the victim was motionless on the floor, Harris proceeded to punch and kick the victim multiple times

 

14-37246

in the face. The victim and a witness testified that Harris also stomped on the victim's face multiple times. Harris eventually dragged the victim into another room and only stopped the beating after one of the young children in the house intervened. Harris fled from the scene after taking a hat belonging to the victim without his consent. The victim was initially diagnosed as a quadriplegic after suffering multiple fractures of the lamina and cervical vertebrae.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 0.060; NRS 200.380(1); NRS 200.481(1)(a); *Litteral v. State*, 97 Nev. 503, 508, 634 P.2d 1226, 1228-29 (1981) (noting that robbery is a general intent crime), *disapproved on other grounds by Talancon v. State*, 102 Nev. 294, 301, 721 P.2d 764, 769 (1986). Therefore, we conclude that Harris' contention is without merit and we

ORDER the judgment of conviction AFFIRMED.


_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Eric G. Jorgenson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A