# IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY JAMES WASHINGTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67445

FILED

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree kidnapping with the use of a deadly weapon and assault with a deadly weapon. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Larry Washington first raises a number of issues based on the district court's delay in entering a written order granting his postconviction petition for a writ of habeas corpus, which alleged that the district court improperly participated in the plea negotiation process. *See Cripps v. State*, 122 Nev. 764, 767, 137 P.3d 1187, 1189 (2006). We conclude that Washington fails to demonstrate that relief is warranted, as he provides insufficient legal authority or analysis supporting his arguments, and we reject his underlying premise that the district court acted inappropriately by proceeding with a trial after granting his request to withdraw his guilty plea. *Cf. Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 453, 92 P.3d 1239, 1244-45 (2004) (acknowledging circumstances where it is appropriate for proceedings to continue without a formal order); *see generally Houston v. Eighth Judicial Dist. Court*, 122 Nev. 544, 553, 135 P.3d 1269, 1274 (2006) (holding that a verbal contempt order is effective before an order memorializing that decision is filed even though the relevant statute requires that an order be entered). We note that a written order memorializing the oral decision was

18-27749

entered before the jury was sworn, and it expressly referred back to the court's oral pronouncement.

Next, Washington contends that the trial judge should have recused himself when he recognized that he violated *Cripps* because the violation demonstrated impermissible bias such that recusal was required under the Nevada Code of Judicial Conduct. We disagree. *Cripps* does not hold that a district court judge who violates its bright-line rule demonstrates impermissible bias of the kind mandating recusal, and Washington fails to demonstrate that recusal was otherwise required.

Finally, Washington contends that he is entitled to relief because the district court failed to administer an oath to the venire before voir dire as required by NRS 16.030(5). Washington did not object, and therefore we review for plain error. We conclude that he fails to demonstrate plain error entitling him to relief. *See Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018) (explaining that before this court will exercise its discretion to correct a forfeited error an appellant must demonstrate that: (1) there was an error, (2) the error is plain, and (3) the error affected the defendant's substantial rights). We decline to consider the other claims Washington raised for the first time in his reply. *See Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Douglas Smith, District Judge
        Travis E. Shetler
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk