IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN VINCENT KELLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80311

FILED

APR 2 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon, discharge of a firearm from or within a structure or vehicle, and ownership or possession of a firearm by a prohibited person.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant first argues that insufficient evidence supports the second-degree murder conviction; instead, the evidence shows he acted in self-defense. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We conclude that sufficient evidence supported the conviction. Appellant admitted to shooting the victim and an eyewitness testified that, after a verbal altercation, appellant shot the victim as the victim was sitting on or

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-11428

getting up from a couch. *See* NRS 200.030(2); NRS 200.120; *Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) (discussing the circumstances that justify a killing in self-defense). While there was conflicting evidence regarding whether the victim threatened appellant with a knife or whether appellant otherwise had the requisite fear to establish self-defense, it is for the jury to determine credibility and weigh the evidence. *See Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh the evidence or substitute its judgment for that of the jury).

Appellant also contends that the State engaged in several instances of prosecutorial misconduct. In reviewing claims of prosecutorial misconduct, we first "determine whether the prosecutor's conduct was improper," and if so, "whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). When the error is not of a constitutional dimension, "we will reverse only if the error substantially affects the jury's verdict." *Id.* at 1189, 196 P.3d at 476. Reversal is not warranted, however, if the misconduct is harmless beyond a reasonable doubt. *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005). We apply plain-error review to unobjected-to claims of prosecutorial misconduct, which requires "an error that is plain from a review of the record" and "affected [appellant's] substantial rights, by causing actual prejudice or a miscarriage of justice" for reversal. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (internal quotation marks omitted).

Appellant first challenges a series of statements regarding the felon-in-possession charge as improperly calling on the community's conscience, disparaging the defense, shifting the burden of proof, and arguing facts not in evidence. We agree with appellant to the extent he argues that the State disparaged him by referring to him as a "gang

banger."[2]  *See McGuire v. State*, 100 Nev. 153, 157, 677 P.2d 1060, 1064 (1984) ("Disparaging comments have absolutely no place in a courtroom, and clearly constitute misconduct."). Such error is harmless, however, because the State made the reference in passing and immediately stopped after the district court sustained appellant's objection on that basis. *See Anderson*, 121 Nev. at 516, 118 P.3d at 187 (recognizing that comments constituting misconduct that are "merely passing in nature" are harmless beyond a reasonable doubt). Otherwise, the State was properly rebutting arguments appellant raised in his closing statement. *See Greene v. State*, 113 Nev. 157, 178, 931 P.2d 54, 67 (1997) ("The strongest factor against reversal on the grounds that the prosecutor made an objectionable remark is that it was provoked by defense counsel."), *receded from on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000).

To the extent the State referring to appellant's testimony as a "load of hogwash" constitutes misconduct, we conclude that such misconduct does not amount to plain error.[3] This comment responded to appellant's insinuation that the State did not call certain witnesses to hide information. *See Greene*, 113 Nev. at 178, 931 P.2d at 67. Moreover, when a case's "outcome depends on which witnesses are telling the truth, reasonable latitude should be given to the prosecutor to argue the credibility of the witness—even if means occasionally stating in argument that a witness is lying." *Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) (finding no misconduct when the State made the challenged statement "in

---

[2]The district court sustained appellant's objections to this series of statements. We note appellant's gang membership was at issue in the case.

[3]Appellant did not object to this statement below.

SUPREME COURT
OF
NEVADA

(O) 1947A

the context of arguing the credibility of a witness"). Appellant's credibility regarding his purported status as a government informant and his fear supporting a claim of self-defense were directly at issue in this case. And, despite objecting below, appellant's challenge to the State's comment that he testified to "cover[ ] his ass" also fails because his credibility was at issue in the case.[4] *See id.*

Having considered appellant's remaining claims of prosecutorial misconduct, we conclude that they do not warrant relief. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

cc:    Hon. Stefany Miley, District Judge
      Jonathan E. MacArthur, P.C.
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[4]Appellant did not assert cumulative error until his reply brief, and we therefore decline to consider it. *See Talancon v. State*, 102 Nev. 294, 302 n.4, 721 P.2d 764, 769 n.4 (1986) (recognizing that this court declines to consider arguments not raised in an opening brief).