THE STATE OF NEVADA, APPELLANT, *v.* WILLIAM McKINLEY GREEN, RESPONDENT.

No. 4853

April 13, 1965                    400 P.2d 766

[Rehearing denied April 28, 1965]

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, and *Earl Gripentrog,* Deputy District Attorney, Clark County, for Appellant.

*J. Forest Cahlan* and *Rex A. Jemison,* of Las Vegas, for Respondent.

174

## OPINION

By the Court, BADT, J.:

This is an appeal from an order of the court below granting the defendant's motion for a new trial following a jury verdict of guilty of the crime of robbery.

Under the provisions of NRS 175.535 the court has power to grant a new trial after a verdict against the defendant, in the following cases only:

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or have been guilty of any misconduct tending to prevent a fair and due consideration of the case."

There are seven subdivisions of the section but the portion of subsection 3 as above quoted is the only one applicable here.

The motion for new trial was made upon the following grounds:

"1. That the jury has been guilty of misconduct tending to prevent a fair and due consideration of the case.

"2. That verdict is contrary to the law and evidence of this case.

"3. That the defendant was substantially prejudiced and deprived of a fair trial by reason of the following

circumstances: The attorney for the State of Nevada argued improperly in such a manner so as to prejudice the jury against the defendant."

The first ground assigned is not proven; the second ground was not pursued in the lower court or here, and the third ground is not one of the exclusive statutory grounds for a new trial.

On May 3, 1964, at about 4:45 A. M., a robbery took place at Action City Transmission in Las Vegas, Nevada. Two robbers took between $168 and $172. Respondent was positively identified as one of the two robbers.

It was the testimony of respondent that he arrived in Las Vegas on May 2, 1964, and that he spent the evening and the early morning hours of May 3, 1964, gambling on the Las Vegas Strip. He further testified that he had $125 in his possession when he arrived in Las Vegas. He denied participation in the robbery. However the defendant was positively identified by two credible eye witnesses to the crime.

1. Jury misconduct:

The affidavit of the secretary of respondent's counsel to the effect that she heard an unidentified juror, after the rendition of the verdict and the dismissal of the jury, say that "the dirty nigger got what he deserved" was not allowable ground under the statute for a motion for new trial. The only subdivision of the new trial section to which this could possibly have reference was ground No. 1 above quoted. But misconduct of the jury "tending to prevent a fair and due consideration of the case" has no reference to an incident of this kind. It has no application to such a statement made after trial, after the jury's deliberations, and after their return of a verdict of guilty and after their dismissal.

2. Forensic misconduct:

Although not constituting any of the grounds of a motion for new trial, respondent contends that the order granting new trial is supportable on account of the misconduct of the district attorney in his argument to the jury. Such misconduct is said to exist in the prosecutor's

statement to the jury that they might infer guilt from the fact that the respondent had $95 in his possession immediately after the crime. (This sum was about one half of the proceeds of the robbery.) The defendant, after his discharge from the Armed Forces, had been receiving unemployment compensation for some months. This supplies at least a degree of justification of the assumption of his impecuniosity prior to the robbery and arrest in possession of a comparatively large sum of money. The prosecutor had a right to comment upon the testimony and to ask the jury to draw inferences from the evidence, and has the right to state fully his views as to what the evidence shows. People v. Sieber, 201 Cal. 341, 257 P. 64, 70. If the prosecutor's reasoning is faulty, such faulty reasoning is subject to the ultimate consideration and determination by the jury. Idem.

The district court granted the motion for new trial upon the grounds of misconduct on the part of the district attorney in arguing that the testimony of the state's witnesses had not been contradicted, apparently because this was in the nature of commenting upon the defendant's failure to testify. But the defendant had testified as a witness in his own behalf. He testified that he had been gambling and drinking on the "Strip" at the time of the robbery. The district attorney argued "somewhere [he] should have seen somebody, should have known somebody, but no one before you, just gave——." Here objection was made and sustained. The court in granting the motion for new trial said, in sustaining the objection made that the district attorney's argument amounted to the statement that the defendant "could have brought in witnesses but he didn't": "This is what disturbs me and that is why I cautioned counsel and told the jury to disregard the statement by counsel and explained that he had a constitutional right to not even take the stand and that he didn't have to call the witnesses. I am going to grant the new trial." We see no misconduct in the prosecutor's argument.

The order granting respondent's motion for a new trial is reversed, and the case is remanded with directions to enter judgment and pronounce sentence upon the jury verdict.

THOMPSON, J., and BREEN, D. J., concur.

MCNAMEE, C. J., being absent on account of illness, the Governor commissioned Honorable Peter Breen, of the Fifth Judicial District, to sit in his place.