IN THE SUPREME COURT OF THE STATE OF NEVADA

 TIMOTHY WAYNE MORGAN, No. 61532
 Appellant,
 vs.
 THE STATE OF NEVADA, FILE
 Respondent.
 JUN 1 3 2013
 TRA 1E K LINDEMAN

 ORDER OF AFFIRMANCE
 i
 CLEa cF Sii4M • R
 BY III
 DEPUT' ,LER ,K -

 This is an appeal from a judgment of conviction, pursuant to a
 jury verdict, of murder with the use of a deadly weapon. Second Judicial
 District Court, Washoe County; Patrick Flanagan, Judge.
 First, appellant Timothy Morgan argues that the district court
 abused its discretion by admitting into evidence statements that
 referenced prior bad acts, by doing so without conducting a hearing
 pursuant to Petrocelli v. State, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08
 (1985), modified on other grounds by Sonner v. State, 114 Nev. 321, 326-
 27, 955 P.2d 673, 677 (1998), and by failing to contemporaneously instruct
 the jury when the statements were elicited pursuant to Tavares v. State,
 117 Nev. 725, 731, 30 P.3d 1128, 1132 (2001), modified in part by
 Mclellan, 124 Nev. at 268, 270, 182 P.3d at 110, 111. We disagree with
 each contention. While being questioned by police officers, Morgan gave
 several conflicting versions of what happened to the victim including a
 version in which the victim was kidnapped during a drug deal gone awry.
 Morgan eventually admitted that his statements regarding drug dealings
 were not truthful and confessed to hitting the victim with a baseball bat.
 Because these statements were not evidence of "other crimes, wrongs or
SUPREME COURT
 OF
 NEVADA

(0) 1947A
 )3- )-71-177
 acts," we conclude that the district court did not abuse its discretion by
 admitting them and neither a hearing nor a contemporaneous limiting
 instruction was required. See NRS 48.045(2), Mclellan v. State, 124 Nev.
 263, 267, 182 P.3d 106, 109 (2008) (reviewing the admission of evidence
 for an abuse of discretion). 1
 Second, Morgan argues that the district court abused its
 discretion by denying his request to cross-examine his sister regarding
 prior misdemeanor convictions and that she had previously changed her
 name to that of a character from the film "Natural Born Killers." Because
 Morgan conceded below that the misdemeanor convictions were
 inadmissible and evidence that Morgan's sister changed her name was not
 relevant to or probative of truthfulness or bias, we conclude that Morgan
 fails to demonstrate that the district court abused its discretion. See NRS
 50.085(3); Crew v. State, 100 Nev. 38, 45, 675 P.2d 986, 990-91 (1984) (the
 trial court has discretion to limit the scope of cross-examination, albeit
 more limited when the purpose of the inquiry is to expose bias, so long as
 sufficient cross-examination has been permitted to satisfy the
 Confrontation Clause); United States v. Owens, 484 U.S. 554, 5547 (1988)
 ("[T]he Confrontation Clause guarantees only an opportunity for effective
 cross-examination, not cross-examination that is effective in whatever

 1 Prior to trial, the defense stated that it would decide at trial
 whether it wanted a contemporaneous Tavares instruction to be given. It
 does not appear from the limited record provided that Morgan asked for a
 contemporaneous instruction at trial. See Tavares, 117 Nev. at 731, 30
 P.3d at 1132 (a defendant can decline the instruction because he is its
 intended beneficiary); Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688
 (1980) ("The burden to make a proper appellate record rests on the
 appellant.").

SUPREME COURT
 OF
 NEVADA
 2
(0) 1947A

 71111! -
 '1- 11'1:7":; s
 way, and to whatever extent, the defense might wish." (internal quotation
 marks, brackets, and emphasis omitted)).
 Third, Morgan argues that the State committed misconduct by
 mischaracterizing his sister's testimony during closing argument.
 Because Morgan did not object, we review for plain error affecting his
 substantial rights. See Anderson v. State, 121 Nev. 511, 516, 118 P.3d
 184, 187 (2005). We are unable to meaningfully review this contention
 because Morgan did not provide this court with complete transcripts of his
 sister's testimony and from our limited review of the record provided it
 appears that the prosecutor's comments did not mischaracterize Morgan's
 sister's testimony. See State v. Green, 81 Nev. 173, 176, 400 P.2d 766, 767
 (1965) (a prosecutor can ask the jury to draw reasonable inferences from
 the evidence). We conclude that Morgan fails to demonstrate plain error.
 Fourth, Morgan argues that the district court abused its
 discretion by failing to grant his motion for a new trial based on conflicting
 evidence. "This court will not overturn a district court's grant or denial of
 a motion for a new trial absent a palpable abuse of discretion." Johnson v.
 State, 118 Nev. 787, 796, 59 P.3d 450, 456 (2002) (internal quotation
 marks omitted), overruled on other grounds by Nunnery v. State, 127 Nev.
 263 P.3d 235 (2011), cert denied, U.S. , 132 S. Ct. 2774 (2012).
 The district court denied Morgan's motion, noting that even excluding his
 sister's contested testimony the evidence was still sufficient to prove guilt
 beyond a reasonable doubt. See Evans v. State, 112 Nev. 1172, 1193, 926
 P.2d 265, 279 (1996) (a district court may grant a motion for a new trial if
 "the trial judge finds that the evidence of guilt is conflicting, and after an
 independent evaluation of the evidence, disagrees with the jury's verdict of
 guilty"). Based upon our review of the limited record provided, we

SUPREME COURT
 OF
 NEVADA
 3
(0) 1947A

 Et EVEMINEffill ERMAt•INII
 conclude that Morgan fails to demonstrate that the district court abused
 its discretion.
 Fifth, Morgan argues that cumulative error warrants reversal
 of his judgment of conviction. Because we have found no error, we
 conclude that this claim lacks merit.
 Accordingly, we
 ORDER the judgment of conviction AFFIRMED. 2

 ,J.
 Hardesty

 CIL.A.A.
 Parraguirr r

 cc: Hon. Patrick Flanagan, District Judge
 Legal Defense Group
 Attorney General/Carson City
 Washoe County District Attorney
 Washoe District Court Clerk

 2We note that although Morgan's counsel, Michael Becker, has
 certified that the fast track statement complies with the requirements of
 NRAP 32(a)(5), the font in the brief appears smaller than represented. We
 remind counsel that misstatements in the certificate of compliance can be
 a basis for the imposition of sanctions. See NRAP 28.2(b); NRAP 32(e).
 And we caution counsel that failure to comply with the rules when filing
 briefs with this court may result in the imposition of sanctions. See NRAP
 3C(n).

SUPREME COURT
 OF
 NEVADA
 4
(0) I947A

 ENIZEMMEM IMMAKEUEM Mit=