An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHIE SHADEL LORENZO A/K/A
LORENZO RICHIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64200

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted robbery, battery with intent to commit a crime, and battery with substantial bodily harm. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant Richie Lorenzo contends that insufficient evidence was adduced to support his convictions. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The jury heard testimony that Lorenzo approached the victim, walked with him for a short time, entered into an elevator with him, and, once the elevator doors shut, punched the victim and demanded money. The victim further testified that he called 9-1-1 and followed Lorenzo until the officers arrived and that he suffered a broken jaw from the punch. It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient

14- 19089

evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 193.330(1); NRS 200.380(1); NRS 200.400(2); NRS 200.481(2)(b). Therefore, we conclude that Lorenzo's contention is without merit.

Second, Lorenzo contends that the district court unreasonably restricted his defense by excluding surrebuttal evidence of photographs of the area where the crime occurred. Lorenzo claims that the State presented new evidence during rebuttal when the victim testified about the path he walked and that the photographs would have impeached the victim's rebuttal testimony and were relevant to the victim's credibility. The district court concluded that Lorenzo was not entitled to surrebuttal as the State did not re-open its case by presenting new evidence and that appellant was not denied his right to confront a witness. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). In response to Lorenzo's detailed testimony of the path he walked, the victim further explained the path he walked on rebuttal. This was not new evidence. The victim testified about the path he walked during the State's case-in-chief, utilizing the State's pictorial exhibits of the area to explain his path, and his testimony on rebuttal did not differ but was more detailed. Lorenzo had the opportunity, both during the State's case-in-chief and rebuttal, to cross-examine the victim regarding the path he walked. Therefore, we conclude that the district court did not abuse its discretion by excluding Lorenzo's surrebuttal evidence.

Third, Lorenzo contends that the district court limited his theory of self-defense by excluding any reference to the victim's military background or experience. The district court did not preclude testimony of

the victim's military background or experience. Instead, the district court held that Lorenzo must lay an adequate foundation to establish the relevance of the victim's military background or experience before reference to such could be made and determined that the victim's voluntary statement did not provide an adequate foundation to establish the relevance of the victim's military background or experience. At trial, Lorenzo did not ask the victim about his military background or attempt to establish an adequate foundation for admitting this evidence. We conclude that the district court did not abuse its discretion.

Fourth, Lorenzo contends that the district court erred by not allowing evidence that he made a statement to police to support the theory that he acted in self-defense and cooperated with police during the investigation. Lorenzo argues that the district court erred by relying on *Glover v. State*, 125 Nev. 691, 220 P.3d 684 (2009), because Lorenzo only sought to admit the fact that he gave a voluntary statement but not the statement itself.[1] The district court ruled that, because the statement was inadmissible hearsay, the evidence that Lorenzo gave a statement to the police was irrelevant and that the evidence led to a negative inference prohibited by *Glover*. We review the district court's decision for an abuse of discretion. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109. Lorenzo fails to demonstrate that the evidence was relevant to support a theory of self-defense or to "explain the resulting conduct of the police." *Shults v. State*, 96 Nev. 742, 747-48, 616 P.2d 388, 392 (1980) (determining that testimony by police officers that they had a conversation with a witness did not

---

[1]To the extent Lorenzo asks this court to reconsider and narrow our holding in *Glover*, we decline to do so.

violate the hearsay rule because the officers did not divulge any specific statements *and* the testimony was offered to "explain the resulting conduct of the police"). Therefore, he fails to demonstrate that the district court abused its discretion.

Fifth, Lorenzo contends that the State committed prosecutorial misconduct by disparaging Lorenzo and by shifting the burden of proof and that the district court abused its discretion by denying his motion for a mistrial. He argues that the State's closing argument informed jurors that defendants have a duty to confess and to cooperate, that all arrested persons must be guilty, and that Lorenzo's pre-arrest silence constituted evidence of guilt.[2] Additionally, he claims that the State's argument was unsupported by the evidence and that the State suggested his defense was a "story." Lorenzo objected to the statements and moved for a mistrial after the State concluded its argument and after the case had been submitted to the jury. Because Lorenzo did not object to the statements at the time they were made, we review for plain error. NRS 178.602; *Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003); *see also McKague v. State*, 101 Nev. 327, 330, 705 P.2d 127, 129 (1985) (providing that claims of error "need not be considered" where defendant fails to make a contemporaneous objection).

When considered in context, the State properly responded to argument made by Lorenzo, commented on the evidence presented, and

---

[2]Lorenzo challenges the following language: "The defendant doesn't want to get in trouble. It's only after he's arrested that he decides to talk to the police and at that point he blames the victim. He has a motive. He has a motive to tell that story. He doesn't want to get in trouble."

asked the jury to draw inferences from that evidence. *See State v. Green*, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965) ("The prosecutor ha[s] a right to comment upon the testimony and to ask the jury to draw inferences from the evidence, and has the right to state fully his views as to what the evidence shows."). Furthermore, the State properly commented on Lorenzo's motive to lie. *See, e.g., Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1103, 1106 (1990). Both the State and Lorenzo referred to the different versions of events as stories, and Lorenzo fails to demonstrate that the use of the word "story" affected his substantial rights. Accordingly, we conclude that there was no plain error and the district court did not abuse its discretion by denying Lorenzo's motion for mistrial. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (we review a district court's decision to deny a motion for a mistrial for an abuse of discretion).

Sixth, Lorenzo contends that the district court's denial of his for-cause challenge of a potential juror constitutes reversible error. He argues that the potential juror demonstrated a manifest bias against the defense based on her experiences with her brother and the criminal justice system. The district court denied the for-cause challenge after clarifying counsels' questions and extensively questioning the potential juror regarding any bias. Lorenzo exercised a peremptory challenge to remove the potential juror. Even if the district court erred, Lorenzo has not alleged or demonstrated that any jurors actually empanelled were unfair or not impartial. *See Weber v. State*, 121 Nev. 554, 581, 119 P.3d 107, 125 (2005) ("Any claim of constitutional significance must focus on the jurors who were actually seated, not on excused jurors."). Therefore, no relief is warranted on this claim.

Seventh, Lorenzo argues that the district court erred by denying his proposed "two reasonable interpretations" jury instruction and by denying his alternative jury instruction for robbery and instead giving one that lowered the State's burden of proof. "This court reviews a district court's decision settling jury instructions for an abuse of discretion or judicial error; however, whether the instruction was an accurate statement of the law is a legal question that is reviewed de novo." *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009) (citation omitted). We have previously held that it is not error to reject the type of "two reasonable interpretations" instruction that Lorenzo proposed when, as here, the jury was properly instructed on the standard of reasonable doubt, and Lorenzo fails to demonstrate that the district court abused its discretion. *Bails v. State*, 92 Nev. 95, 96-98, 545 P.2d 1155, 1155-56 (1976) (citing *Holland v. United States*, 348 U.S. 121, 139-40 (1954)); *see also Crawford v. State*, 121 Nev. 744, 754, 121 P.3d 582, 589 (2005) (holding that a defendant is not entitled to misleading, inaccurate, or duplicative jury instructions). Furthermore, Lorenzo's alternative instruction for robbery was not an accurate statement of the law and the instruction given was a correct statement of the law, *see Cortinas v. State*, 124 Nev. 1013, 1030, 195 P.3d 315, 326 (2008), therefore, Lorenzo fails to demonstrate that the district court abused its discretion.

Lastly, Lorenzo claims that his conviction for battery with intent to commit a crime is redundant to his convictions for attempted robbery and battery with substantial bodily harm and that it violates the Double Jeopardy Clause. Lorenzo concedes that *Blockburger v. United States*, 284 U.S. 299 (1932), and this court's opinion in *Jackson v. State*, 128 Nev. ___, 291 P.3d 1274 (2012) *cert. denied*, ___ U.S. ___, 134 S. Ct. 56

SUPREME COURT
OF
NEVADA

(O) 1947A

6

(2013), negate his argument but asks this court to reconsider our decision and return to the "same act" analysis. We decline to do so. Each of Lorenzo's convictions requires proof of an element that the others do not, *compare* NRS 200.400(2), *with* NRS 193.330(1), NRS 200.380(1), *and* NRS 200.481(2)(b); therefore, Lorenzo's convictions do not violate the Double Jeopardy Clause. *Blockburger*, 284 U.S. at 304 (establishing an elements test for double jeopardy purpose). Furthermore, none of the statutes indicate that cumulative punishment is precluded; therefore, Lorenzo's convictions are not redundant. *See* NRS 193.330(1); NRS 200.380(1); NRS 200.400(2); NRS 200.481(2)(b); *Jackson*, 128 Nev. at ___, 291 P.3d at 1278 (applying the *Blockburger* test to redundancy claims when the relevant statutes do not expressly authorize or prohibit cumulative punishment).

Having considered Lorenzo's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Carolyn Ellsworth, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk