**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRIS JOSIAH RICHARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59990

FILED

DEC 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of possession of a controlled substance with the intent to sell, and one count each of conspiracy to violate the uniform controlled substances act, sale of a controlled substance, and carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant Cris Josiah Richard contends that insufficient evidence was adduced to support his convictions. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Evidence was presented that an undercover officer approached the codefendant and asked if he had marijuana. The codefendant asked the officer how much he needed and then walked to a nearby park where he approached Richard. After interacting with Richard, the codefendant returned to the officer and said that his "boy" was getting the drugs. The codefendant walked back to the park, where another officer watched him

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40298

and Richard exchange a handshake. When the codefendant returned to the officer, he provided him with two plastic baggies containing marijuana in exchange for $20. Shortly after this exchange, police apprehended Richard and discovered four individually packaged baggies of marijuana, five individually packaged baggies containing cocaine, wadded US currency, and a firearm on Richard's person. We conclude that a rational juror could infer from these circumstances that Richard committed the crimes charged. *See* NRS 202.350(1)(d)(3); NRS 453.321(1)(a); NRS 453.337(1); NRS 453.401(1); *Doyle v. State*, 112 Nev. 879, 894, 921 P.2d 901, 911 (1996) (holding that "a conspiracy conviction may be supported by a coordinated series of acts," in furtherance of the criminal purpose, "sufficient to infer the existence of an agreement") (internal quotation marks omitted), *overruled on other grounds by Kaczmarek v. State*, 120 Nev. 314, 91 P.3d 16 (2004).

Second, Richard claims that the district court erred by allowing police officers to testify as experts without having been noticed as experts or qualified to provide expert opinion testimony when officers testified as to their training and experience regarding the sale of narcotics. Richard did not properly preserve this argument, and he has failed to demonstrate plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." (internal quotation marks omitted)); *see also Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) (recognizing that, in order to properly preserve an objection, a defendant must object at trial on the same ground he or she asserts on appeal, absent plain or constitutional error). The officers'

testimony consisted of their observations and personal knowledge as lay witnesses. *See Crowe v. State*, 84 Nev. 358, 362, 441 P.2d 90, 92 (1968) ("Lay witnesses . . . who are sufficiently trained and experienced, may testify at the discretion of the trial court relative to the use and influence of narcotics."), *modified on other grounds by Tellis v. State*, 84 Nev. 587, 590, 445 P.2d 938, 940 (1968). Therefore, we conclude that the district court did not err by allowing the testimony.

Third, Richard contends that the State committed prosecutorial misconduct during closing argument by misstating the State's burden of proof, making a veiled comment on Richard's right to remain silent, and injecting personal beliefs as to the strength of the case and Richard's guilt. Richard did not object to the prosecutor's comments at trial, therefore we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). The State properly commented on the evidence presented and asked the jury to draw inferences from that evidence. *See State v. Green*, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965) ("The prosecutor ha[s] a right to comment upon the testimony and to ask the jury to draw inferences from the evidence, and has the right to state fully his views as to what the evidence shows."). In response to Richard's opening statement, in which he claimed that he was in the wrong place at the wrong time, the prosecutor pointed out that there was no evidence to support that theory but that there was direct evidence to the contrary. *See Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001) (holding that a prosecutor may "properly argue that the defense failed to substantiate its theory with supporting evidence"). We conclude that Richard fails to demonstrate plain error.

Fourth, Richard contends that the prosecutor committed misconduct during closing argument by claiming that the firearm discovered was a "dangerous weapon capable of firing [a] .22 round" when no evidence had been introduced to support this claim. Richard objected, and the district court overruled the objection, finding that it was argument and that the jury could decide, based on the evidence presented, whether the statement was accurate. When considering allegations of prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper and then whether any improper conduct warrants reversal. *See Valdez*, 124 Nev. at 1188, 196 P.3d at 476. Even assuming that the argument about the functionality of the firearm constituted prosecutorial misconduct, we conclude that it was harmless error. *Id.* at 1188-89, 196 P.3d at 476-77.

Having considered Richard's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:     Hon. Jerome T. Tao, District Judge
        Law Office of Scott P. Eichhorn, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk