# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD ERNEST LAKEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64609

FILED

JUN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK




## *ORDER OF AFFIRMANCE*

Appeal from a judgment of conviction, pursuant to a jury verdict, of six counts of insurance fraud, four counts of performance of an act in reckless disregard of persons or property resulting in substantial bodily harm, four counts of criminal neglect of patients resulting in substantial bodily harm, one count of theft, and one count of obtaining money under false pretenses. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Ronald Lakeman is a Certified Registered Nurse Anesthetist (CRNA) who worked at the Endoscopy Center of Southern Nevada (hereinafter, the clinic), which was run by co-defendant Dr. Dipak Desai. This case arises out of an outbreak of hepatitis C that occurred at the clinic in 2007. Lakeman was alleged to have administered propofol, an anesthetic used in colonoscopies, in a manner that allowed patient blood to contaminate vials of propofol, which were subsequently reused on different patients.

Lakeman was convicted of six counts of insurance fraud, four counts of reckless disregard of persons or property resulting in substantial bodily harm (NRS 202.595), four counts of criminal neglect of patients resulting in substantial bodily harm (NRS 200.495), one count of obtaining

16-19554

money under false pretenses, and one count of theft. The district court imposed a sentence of 8-20 years in prison. Lakeman argues on appeal that the trial venue should have been changed, his Confrontation Clause rights were violated, there was insufficient evidence to convict him under NRS 200.495, the district court erred in allowing a Centers for Disease Control and Prevention (CDC) investigator's testimony into evidence, the State committed prosecutorial misconduct, and NRS 202.595 is the lesser included offense of NRS 200.495. For the following reasons, we disagree and affirm the conviction.

*Change of venue*

Lakeman argues that the district court erred in failing to grant a change of venue motion. However, after reviewing the record, we conclude that no change of venue motion was made. Although Dr. Desai's counsel broached the subject, there was never an argument made by any party on the matter, nor a ruling by the district court.

"As a general proposition, the failure to follow statutory procedures . . . as well as the failure to raise a proper objection below, will preclude appellate review of the disputed evidence." *Wilkins v. State*, 96 Nev. 367, 372, 609 P.2d 309, 312 (1980). NRS 174.464 requires that an "application for removal . . . be made in open court, and in writing, verified by . . . affidavit . . . ." Lakeman failed to follow the prescribed statutory procedure for challenging venue because he did not make an oral or written motion at district court, and thus he waived this issue on appeal. *Wilkins*, 96 Nev. at 372, 609 P.2d at 312 (concluding that an appellant's failure to object in the district court constituted a waiver of his Fifth and Sixth Amendment claims); *see generally Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 113 Nev. 610, 612, 939 P.2d 1049, 1050-51 (1997) (discussing change of venue factors). Additionally, although Lakeman argues on

appeal that venue was inappropriate in Clark County, in many instances the record does not substantiate his claims. Therefore, we will not consider the change of venue argument because Lakeman did not object at district court, he did not follow the proper statutory procedures, and the record is not sufficiently developed on appeal.

*Confrontation Clause*

Lakeman argues that his Confrontation Clause rights were violated because the district court allowed a patient-witness's recorded testimony into evidence even though the witness died before Lakeman could cross-examine him. Although an unavailable witness's testimonial statement is inadmissible "unless the defendant had an opportunity to previously cross-examine the witness regarding the witness's statement," reversal is not warranted unless appellant demonstrates that an error was prejudicial. *Vega v. State*, 126 Nev. 332, 338, 340 236 P.3d 632, 637, 638 (2010) (internal quotations omitted). "Under this standard, reversal is not required if the State could show beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 477 (2006) (internal quotations omitted). The witness's deposition does not implicate Lakeman's involvement in his treatment. In fact, the jury acquitted Lakeman on the counts that solely involved treatment of the witness. Lakeman also failed to show that the deposition testimony was prejudicial to his conviction on other counts. Therefore, we conclude that the error was harmless. *Id.*

*Sufficiency of the evidence under NRS 200.495*

Lakeman argues that his conduct did not rise to the level of "aggravated, reckless or gross" as required under NRS 200.495. Lakeman points to evidence in the record that he, and other CRNAs, did not

consciously understand or disregard the risk to patients caused by the unsafe injection practice.

However, Dr. Melissa Schafer, a CDC investigator, testified that Lakeman admitted in a phone interview that he understood the risks associated with his injection technique. This court will not reweigh the credibility of Dr. Schafer's testimony against the other CRNAs. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses."). Accordingly, we conclude that there is sufficient evidence because, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotations omitted).

*Suppression of the CDC investigator's testimony*

In Dr. Schafer's phone interview with Lakeman, she identified herself as a CDC investigator, promised not to use his name, and asked him questions about the clinic's practices. Lakeman agreed to talk because of the promised anonymity, but stated that he would deny talking to her if asked. At trial, Lakeman moved to suppress Dr. Schafer's testimony, and the district court denied the motion. Lakeman now argues that if the CDC is allowed to breach its promises of anonymity, other medical professionals will be reluctant to speak with investigators. Lakeman further argues that his statement that he would deny talking to Dr. Schafer if asked must be suppressed pursuant to NRS 48.035(1).

Lakeman provides no authority for his position that Dr. Schafer's testimony should be suppressed on public policy grounds. We therefore decline to consider this argument. *Browning v. State*, 120 Nev.

347, 354, 91 P.3d 39, 45 (2004) ("[A]n appellant must present relevant authority and cogent argument; issues not so presented need not be addressed by this court." (internal quotations omitted)).

Furthermore, NRS 48.035(1) provides: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." But "all evidence offered by the prosecutor is prejudicial to the defendant; there would be no point in offering it if it were not." *Holmes v. State*, 129 Nev., Adv. Op. 59, 306 P.3d 415, 420 (2013) (quoting *United States v. Foster*, 939 F.2d 445, 456 (7th Cir. 1991)). The question is whether the evidence is unfairly prejudicial—whether "it encourages the jury to convict the defendant on an improper basis." *Id.* Lakeman fails to articulate how his statement that he would deny talking to Dr. Schafer if asked unfairly prejudiced him at trial, so we conclude that the district court did not err in denying the motion in limine. *See Browning*, 120 Nev. at 354, 91 P.3d at 45.

*Prosecutorial misconduct*

Lakeman alleges numerous instances of prosecutorial misconduct. This court uses a two-step analysis for prosecutorial misconduct claims: (1) "whether the prosecutor's conduct was improper," and (2) "if the conduct was improper . . . whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). "If the error is of constitutional dimension, then we . . . will reverse unless the State demonstrates, beyond a reasonable doubt, that the error did not contribute to the verdict." *Id.* at 1189, 196 P.3d at 476. "If the error is not of constitutional dimension, we will reverse only if the error substantially affects the jury's verdict." *Id.* Prosecutorial misconduct may take on a constitutional dimension "if, in light of the

proceedings as a whole, the misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 1189, 196 P.3d at 477 (internal quotations omitted).

*The State telling a witness's lawyer that the witness had breached his proffer*

Keith Mathahs, who was a CRNA at the clinic and was also charged in the hepatitis C outbreak, accepted a plea deal on the condition that he testify against Lakeman and Dr. Desai. Lakeman argues that the State improperly approached Mathahs' lawyer in the hallway during Mathahs' testimony and threatened to undo his plea because the testimony was not in the State's favor.

It is clear that any alleged misconduct does not warrant reversal. *Id.* at 1188, 196 P.3d at 476. The district court found, and the attorneys agreed, that Mathahs had no knowledge the State considered his testimony to breach the proffer. Discussion between a witness's attorney and a prosecutor regarding whether a witness has violated a proffer clearly does not take on a "constitutional dimension" when the witness is not aware of the discussion. *See id.* at 1189, 196 P.3d at 476. Therefore, we conclude that because Mathahs' testimony was unchanged as a result of the prosecutor approaching his attorney, "the error [did not] substantially affect[ ] the jury's verdict." *Id.*

*The State eliciting inadmissible evidence of a pending federal indictment*

Lakeman argues that the State intentionally elicited from a witness that there was a pending federal indictment against Dr. Desai. Lakeman further argues that the jury likely inferred that he was associated with the indictment, prejudicing his case. We conclude that the potential misconduct does not implicate a constitutional dimension, thus

the conviction should only be reversed "if the error substantially affect[ed] the jury's verdict." *Id.* The witness only mentioned Dr. Desai, not Lakeman, while discussing the federal indictment. Additionally, a curative jury instruction was promptly given. *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (concluding that "the district court's admonishment was sufficient to cure any prejudice caused by the prosecutor's comment"). Finally, there were several comments earlier in the trial regarding federal charges stemming from the clinic's activities— the jury was likely already aware of the indictment. We conclude that the witness's testimony about the indictment did not affect the jury's verdict against Lakeman, and therefore, the error was harmless.

*The State asking jurors to place themselves in a victim's shoes*

In the State's closing argument, the prosecutor said: "[A victim] was infected. You saw him. Who among you would want to have a liver transplant regardless of how much money you got?" Lakeman argues that it was prosecutorial misconduct for the State to ask the jury to stand in the victim's shoes—the so called golden rule argument.

We conclude that this was not misconduct. It simply "painted a vivid picture for the jury, and any reference to 'you' appears to be merely rhetorical." *Witter v. State*, 112 Nev. 908, 928, 921 P.2d 886, 900 (1996) *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 776-77, 263 P.3d 235, 254 (2011).[1]

---

[1]Additionally, Lakeman argues that other statements made during the State's opening argument also constitute prosecutorial misconduct. However, Lakeman fails to provide either arguments or authorities for why these statements are prosecutorial misconduct. This court will not consider claims that are not cogently argued or supported by relevant authority. *Browning v. State*, 120 Nev. 347, 354, 91 P.3d 39, 45 (2004)

 

*Double jeopardy*

Lakeman argues that reckless disregard of persons or property resulting in substantial bodily harm (NRS 202.595) is a lesser included offense of criminal neglect of patients resulting in substantial bodily harm (NRS 200.495). This argument was not raised at district court; however, double jeopardy may be reviewed on appeal, even if not raised at district court. *See LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 926 (2014); *see also United States v. Davenport*, 519 F.3d 940, 947-48 (9th Cir. 2008) (stating that "because the prohibition against double jeopardy is a cornerstone of our system of constitutional criminal procedure" reviewing under a plain error standard is appropriate). Because double jeopardy protection is provided under the Fifth Amendment to the United States Constitution, we will consider Lakeman's argument.

To determine whether NRS 202.595 is a lesser included offense of NRS 200.495, this court considers "'whether each provision requires proof of a fact which the other does not.'" *Talancon v. State*, 102 Nev. 294, 298, 721 P.2d 764, 766 (1986) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). NRS 200.495 requires proof of facts not required by NRS 202.595. For example, NRS 200.495 requires foreseeability, but NRS 202.595 does not. Additionally, NRS 202.595 requires "willful or wanton disregard," whereas NRS 200.495 requires the act be "aggravated, reckless or gross." Willful or wanton conduct is different than reckless conduct. *See Wanton, Black's Law Dictionary* (10th ed. 2014) (defining wanton as "[u]nreasonably or maliciously risking harm while being utterly indifferent to the consequences" and explaining that "[i]n criminal law, *wanton* usu[ally] connotes malice . . . while *reckless* does not"). Accordingly, we conclude that NRS 202.595 is not a lesser included offense of NRS 200.495.

*Cumulative error*

Lakeman argues that because of the pervasive misconduct throughout the trial, reversal is appropriate. "The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Rose*, 123 Nev. at 211, 163 P.3d at 419 (internal quotations omitted). After considering "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged," we conclude that the cumulative effect of errors was minimal and reversal is not warranted. *Id.* (internal quotations omitted).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:     Hon. Valerie Adair, District Judge
        Santacroce Law Offices, Ltd.
        Attorney General/Carson City
        Clark County District Attorney
        Eighth Judicial District Court Clerk